RECEIVED
IN LAFAYETTE, LA.
AUG 1 0 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION   **6:11CR00198**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. |
| | * | 18 U.S.C. §§ 371 and 2 |
| | * | 15 U.S.C. § 78j(b) |
| | * | 15 U.S.C. § 78ff |
| | * | 17 C.F.R. § 240.10b-5 |
| VERSUS | * | 18 U.S.C. § 1341 |
| | * | 18 U.S.C. § 1343 |
| | * | 15 U.S.C. § 80b-6 |
| | * | 15 U.S.C. § 80b-17 |
| | * | |
| RICHARD J. BUSWELL (01) | * | 18 U.S.C. § 981(a)(1)(E) |
| and HERBERT S. FOUKE (02) | * | 18 U.S.C. § 982 |
| a/k/a STEVE FOUKE, | * | 28 U.S.C. § 2461(c) |
| d/b/a BOWMAN INVESTMENT | * | |
| GROUP, L.L.C. | * | |

JUDGE HAIK

**INDICTMENT**   MAGISTRATE JUDGE HANNA

THE FEDERAL GRAND JURY CHARGES:

## COUNT 1

### Conspiracy to Commit Securities Fraud, Investment Advisor Fraud, Wire Fraud and Mail Fraud
[18 U.S.C. § 371]

**A.   INTRODUCTION - AT ALL TIMES MATERIAL HEREIN:**

1.   BOWMAN INVESTMENT GROUP, L.L.C. (BOWMAN) was formed in 2006 and operated until 2009 and by 2007 was located at 100 William O. Stutes Street, Suite D, Lafayette, Louisiana.

2.   RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE were both principals of BOWMAN INVESTMENT GROUP, L.L.C.

3. RICHARD J. BUSWELL became a licensed stock broker, also known as a registered representative, in January of 2006.

4. HERBERT S. FOUKE a/k/a STEVE FOUKE became a licensed stock broker, also known as a registered representative, in September of 2008.

5. Brookstone Securities (Brookstone) is a broker dealer located in Lakeland, Florida that is registered with the Securities and Exchange Commission (SEC).

6. BOWMAN INVESTMENT GROUP, L.L.C. became associated with Brookstone Securities in March of 2008 and continued that association until March of 2009.

7. Advanced Blast Protection (ABP) was a private company located in Weston, Florida that was represented to sell, among other things, a "one-way" bullet proof glass and a Rhino Runner (which is an armored military transport vehicle) and modular armor kits).

8. Visual Management Systems (VMS) was a private company located in New Jersey that was represented to provide businesses with security systems.

9. A Direct Private Placement (DPP) occurs when a private company sells stock or notes to an institution or to an accredited investor, in order to raise money.

10. FINRA is the Financial Industry Regulatory Authority, which is the agency responsible for regulating member brokerage firms and exchange markets. FINRA used to be known as NASD, National Association of Securities Dealers.

**B.   CONSPIRACY:**

Beginning in 2007 and continuing through 2009 in the Western District of Louisiana and elsewhere, the defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a FOUKE, d/b/a BOWMAN INVESTMENT GROUP, L.L.C., and others both known and

unknown to the grand jury, did knowingly, willfully, and unlawfully combine, confederate, conspire and agree together to commit the following offenses against the United States, to-wit: mail, wire, securities and investment advisor fraud in violation of Title 18, United States Code, Sections 1341 and 1343, Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, Title 15, United States Code, Sections 80b-6 and 80b-17, and Title 18, United States Code, Sections 371 and 2. [18 U.S.C. §§ 1341 and 1343; 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5; 15 U.S.C. §§ 80b-6 and 80b-17; and 18 U.S.C. §§ 371 and 2].

C. **OBJECT OF THE CONSPIRACY:**

It was the object of the conspiracy to fraudulently obtain investors' funds through false pretenses, representations, and promises, in order to obtain substantial economic benefit for themselves and others through the payment of commissions and wages.

D. **THE MANNER AND MEANS OF THE CONSPIRACY:**

The manner and means by which the defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, d/b/a BOWMAN INVESTMENT GROUP, L.L.C., sought to accomplish the object of the conspiracy included the following:

1. HERBERT S. FOUKE a/k/a STEVE FOUKE was previously a general contractor and recruited his business associates and friends to become clients of BOWMAN INVESTMENT GROUP, L.L.C.

2. RICHARD J. BUSWELL would hire individuals to perform various duties at BOWMAN INVESTMENT GROUP, L.L.C. and then would induce them and their friends and family members to be clients of BOWMAN INVESTMENT GROUP, L.L.C.

3. RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, would hold investor meetings; and during these meetings, they would falsely represent to clients and to potential clients, among other things, the following:

    (a) The defendant, RICHARD J. BUSWELL, represented that he would not charge any commissions until the accounts were profitable.

    (b) The defendant, RICHARD J. BUSWELL, represented that he had never lost money for a client.

    (c) The defendant, RICHARD J. BUSWELL, represented that he was very successful and that he generated up to $150,000 per month on his personal investments.

    (d) The defendant, RICHARD J. BUSWELL, represented that he had two college degrees by the time he was twenty in accounting and in applied mathematics.

    (e) The defendant, RICHARD J. BUSWELL, represented that he had ownership interest in skyscrapers, shopping malls and other projects in New York City.

4. The defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, would have the clients sign Margin Agreements without explaining the meaning or the risk of the Margin Agreement to them.

5. The defendant, RICHARD J. BUSWELL, engaged in unauthorized trading on the clients' accounts, without their knowledge and without their consent.

6. The defendant, RICHARD J. BUSWELL, engaged in churning his clients' accounts, that is, he engaged in excessive and frequent stock transactions on his clients'

accounts for his own benefit and gain without regard for the needs and objectives of his clients.

7. The defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, did conceal and attempt to conceal their activities by providing false and misleading information to the investors, when investors questioned them about the status of their investments.

8. The defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, assisted by others not named as defendants herein, used the mails and private couriers, for a variety purposes, including sending and receiving documents related to the purchases of stock and the Direct Private Placements, transmitting funds representing the proceeds of the fraudulent activity, and communicating false and misleading information to investors, prospective investors and other individuals.

9. The defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, assisted by others not named as defendants herein, used interstate wire communications facilities including telephones, wire transfers, e-mail transmissions and facsimile transmissions for a variety of purposes, including sending and receiving documents relating to the purchase of stock and the Direct Private Placements, transmitting funds representing the proceeds of the fraudulent activity, and communicating false and misleading information to investors, prospective investors, and other individuals.

10. The defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, conducted transactions and assisted in conducting transactions in violation of federal securities laws and in violation of regulations issued by FINRA.

11. Beginning in March of 2008 and continuing through March of 2009, the defendant, RICHARD J. BUSWELL, received commissions from Brookstone Securities in the amount of one million, seven hundred eleven thousand, eight hundred and fifty-two dollars and twenty-six cents ($1,711,852.26).

12. The defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, in executing the scheme and in attempting to execute the scheme, caused more than one hundred (100) clients in Lafayette, Louisiana and surrounding parishes to lose in excess of eight million dollars ($8,000,000).

**_Direct Private Placements (DPP):_**

13. The defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, solicited and convinced the clients to invest in high risk Direct Private Placements of several companies including Advanced Blast Protection, Brookstone Securities and Visual Management Systems.

14. In order to qualify for the risky Direct Private Placements, the clients had to be "accredited investors." Defendant, RICHARD J. BUSWELL, falsified and had others falsify income and net worth information on some of the clients' applications, so that the clients would be considered accredited investors and so they would qualify for the risky Direct Private Placements.

**_Advanced Blast Protection (ABP):_**

15. The defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, solicited clients to invest in Advanced Blast Protection "Bridge Loan Financing" prior to Advanced Blast Protection having an anticipated initial public offering.

16. The defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, falsely represented to the clients that they were guaranteed to get their money back by a certain date with a ten (10%) percent return, which was also guaranteed.

17. The clients received warrants, which is an option to buy stock. The clients were told by defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, that Advanced Blast Protection was to have an initial public offering and that the company's stock would "sky rocket" to $30 to $40 per share.

18. The defendant, RICHARD J. BUSWELL, falsely represented that he had four million dollars ($4,000,000) of his personal funds invested in Advanced Blast Protection.

**Brookstone Securities:**

19. The defendant, RICHARD J. BUSWELL, solicited his clients to invest in a high risk Direct Private Placement issued by Brookstone Securities.

20. The defendant, RICHARD J. BUSWELL, falsely represented to his clients that the Brookstone Securities Direct Private Placement was a safe investment.

21. The defendant, RICHARD J. BUSWELL, further falsely represented that the Brookstone Securities Direct Private Placement was like a money market account or a CD and that the investors could get their money back at any time.

**Visual Management Systems:**

22. The defendant, RICHARD J. BUSWELL, solicited his clients to invest in a high risk Direct Private Placement issued by Visual Management Systems.

23. The defendant, RICHARD J. BUSWELL, falsely represented to his clients that the Visual Management Systems investment would double within six months.

E.   **OVERT ACTS:**

In furtherance of the conspiracy and to effect the objects thereof, the defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, d/b/a BOWMAN INVESTMENT GROUP, L.L.C., performed or caused to be performed the following overt acts, among others:

The allegations contained in Counts 2 through 27 are re-alleged and incorporated herein as constituting overt acts in furtherance of the conspiracy, all in violation of Title 18, United States Code, Sections 371 and 2. [18 U.S.C. §§ 371 and 2].

## COUNT 2

### Securities Fraud
### [15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5]

1.   The grand jury adopts and incorporates by reference the allegations contained in Count 1 as constituting a scheme and an artifice to defraud.

2.   Beginning sometime in 2008 and continuing through June of 2009, in the Western District of Louisiana, and elsewhere, the defendants, RICHARD J. BUSWELL and HERBERT S. FOUKE a/k/a STEVE FOUKE, d/b/a BOWMAN INVESTMENT GROUP, L.L.C., did unlawfully, willfully, and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the

circumstances under which they were made, not misleading; and, (c) engaging in transactions, acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2. [15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5; 18 U.S.C. § 2].

## COUNT 3

### Investment Advisor Fraud
### [15 U.S.C. §§ 80b-6 and 80b-17]

1. The grand jury adopts and incorporates by reference the allegations contained in Count 1 as constituting a scheme and an artifice to defraud.

2. Beginning in 2008 and continuing through June of 2009, in the Western District of Louisiana and elsewhere, the defendant, RICHARD J. BUSWELL, d/b/a BOWMAN INVESTMENT GROUP, L.L.C., with respect to clients and potential clients of BOWMAN INVESTMENT GROUP, L.L.C., unlawfully, willfully, and knowingly, by the use of the mails and means and instrumentalities of interstate commerce, directly and indirectly, did: (a) employ devices, schemes and artifices to defraud clients and prospective clients; (b) engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients; and, (c) engage in acts, practices, and courses of business that were fraudulent, deceptive and manipulative, all in violation of Title 15, United States Code, Sections 80b-6 and 80b-17; Title 18, United States Code, Section 2. [15 U.S.C. §§ 80b-6 and 80b-17; 18 U.S.C. § 2].

## COUNT 4

### Investment Advisor Fraud
### [15 U.S.C. §§ 80b-6 and 80b-17]

1. The grand jury adopts and incorporates by reference the allegations contained in Count 1 as constituting a scheme and an artifice to defraud.

2. Beginning in 2008 and continuing through June of 2009, in the Western District of Louisiana and elsewhere, the defendant, HERBERT S. FOUKE a/k/a STEVE FOUKE, d/b/a BOWMAN INVESTMENT GROUP, L.L.C., acting on behalf of an investment advisor, with respect to clients and potential clients of BOWMAN INVESTMENT GROUP, L.L.C., unlawfully, willfully, and knowingly, by the use of the mails and means and instrumentalities of interstate commerce, directly and indirectly, did: (a) employ devices, schemes and artifices to defraud clients and prospective clients; (b) engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients; and, (c) engage in acts, practices, and courses of business that were fraudulent, deceptive and manipulative, all in violation of Title 15, United States Code, Sections 80b-6 and 80b-17; Title 18, United States Code, Section 2. [15 U.S.C. §§ 80b-6 and 80b-17; 18 U.S.C. § 2].

## COUNTS 5-12

### Wire Fraud
### [18 U.S.C. § 1343]

1. The grand jury adopts and incorporates by reference the allegations contained in Count 1 as constituting a scheme and an artifice to defraud.

2. On or about the dates specified below, in the Western District of Louisiana, and elsewhere, the defendant, RICHARD J. BUSWELL, d/b/a BOWMAN INVESTMENT GROUP, L.L.C., having devised and intending to devise the above-described scheme and artifice to defraud, to obtain money through false and fraudulent representations, pretenses and promises, and for the purpose of executing and attempting to execute the scheme, did knowingly transmit or cause to be transmitted by means of wire communication and interstate commerce, certain signals, signs and sounds as more fully described below:

| Count | Date | Description |
|---|---|---|
| 5 | 06/16/08 | A fax transmission of a Customer Margin Agreement for Stanton P. Bujard sent from Bowman Investment Group in Lafayette, Louisiana to Brookstone Securities in Lakeland, Florida. |
| 6 | 07/21/08 | A $35,000 wire transfer from First Southwest in New York, New York (Account of Stanton P. Bujard, last four numbers 8453) to John Quaranta PA escrow account at Colonial Bank in Weston, Florida for investment in Advanced Blast Protection. |
| 7 | 07/21/08 | A $30,000 wire transfer from First Southwest in New York, New York (Account of Stanton P. Bujard and Melissa Bujard JTTEN, last four numbers 8467) to John Quaranta PA escrow account at Colonial Bank in Weston, Florida for investment in Advanced Blast Protection. |
| 8 | 07/21/08 | A $60,000 wire transfer from First Southwest in New York, New York (Account of Stanton P. Bujard, last four numbers 8434) to John Quaranta PA escrow account at Colonial Bank in Weston, Florida for investment in Advanced Blast Protection. |
| 9 | 07/25/08 | A $50,000 wire transfer from First Southwest in New York, New York (Account of Melissa and Timmy Judice - Personal Communication Repair, last four numbers 8463) to John Quaranta PA escrow account at Colonial Bank in Weston, Florida for investment in Advanced Blast Protection. |

| Count | Date | Description |
|---|---|---|
| 10 | 07/30/08 | A $20,000 wire transfer from First Southwest in New York, New York (Account of Andre P. Naquin and Peggy C. Naquin JTTEN, last four numbers 9923) to John Quaranta PA escrow account at Colonial Bank in Weston, Florida for investment in Advanced Blast Protection. |
| 11 | 10/14/08 | A $50,000 wire transfer from First Southwest in New York, New York (Account of John P. Scott, last four numbers 9125) to John Quaranta escrow account at Colonial Bank in Weston, Florida for investment in Advanced Blast Protection. |
| 12 | 02/03/09 | A fax transmission from Bowman Investment Group in Lafayette, Louisiana to Brookstone Securities in Lakeland, Florida containing wiring instructions for Jeff and Charlene Gossen's accounts. |

All in violation of Title 18, United States Code, Section 1343 and 2. [18 U.S.C. §§ 1343 and 2].

## COUNTS 13-27

### Mail Fraud
### [18 U.S.C. § 1341]

1. The grand jury adopts and incorporates by reference the allegations contained in Count 1 as constituting a scheme and an artifice to defraud.

2. On or about the dates listed below, in the Western District of Louisiana and elsewhere, the defendant, RICHARD J. BUSWELL, d/b/a BOWMAN INVESTMENT GROUP, L.L.C., having devised and intending to devise the above-described scheme and artifice to defraud, to obtain money through false and fraudulent representations, pretenses and promises, and for the purpose of executing and attempting to execute the scheme, did knowingly place and caused to be placed, in an authorized depository for mail matter, and did knowingly cause a private carrier to deliver according to the directions thereon, the following items of mail as described below:

| Count | Date | Carrier | Description |
|---|---|---|---|
| 13 | 04/25/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a cover letter and Check No. 4179 payable to First Southwest in the amount of $21,375 drawn on the Iberia Bank account of Andre P. or Peggy C. Naquin. |
| 14 | 07/15/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a Direct Application New Account Form with other related documents for a $60,000 investment in Advanced Blast Protection on behalf of Stanton P. Bujard. |
| 15 | 07/15/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a Direct Application New Account Form with other related documents for a $150,000 investment in Advanced Blast Protection on behalf of Stanton P. Bujard. |
| 16 | 07/22/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a Direct Application New Account Form with other related documents and Check No. 1375 in the amount of $100,000 for an Advanced Blast Protection investment with the payor listed as Joseph A. Young and Glenda G. Young and the payee listed as John M. Quaranta PA escrow account drawn on Whitney Bank. |
| 17 | 07/22/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a Direct Application New Account Form with other related documents and Check No. 1374 in the amount of $100,000 for investment in Brookstone Private Placement, with the payor listed as Joseph A. Young and Glenda G. Young, and the payee listed as Brookstone Securities, drawn on Whitney Bank. |

| Count | Date | Carrier | Description |
|---|---|---|---|
| 18 | 07/22/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a Direct Application New Account Form with other related documents and Check No. 1376 in the amount of $100,000 for the Visual Management Systems Private Placement with the payor listed as Joseph A. Young and Glenda G. Young and the payee listed as Brookstone Securities, drawn on Whitney Bank. |
| 19 | 08/21/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a Direct Application New Account Form with other related documents for John K. Olivier, Sr. to purchase $13,200 of Visual Management Systems Private Placement. |
| 20 | 08/25/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a cover letter, a Direct Application New Account Form with other related documents for a $75,000 investment for the Brookstone Private Placement on behalf of Stanton P. Bujard. |
| 21 | 09/15/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a Direct Application New Account Form with other related documents for D. Wayne Elmore with an attached check with the payor being D. Wayne Elmore and the payee being John M. Quaranta PA escrow account in the amount of $100,000 for investment in Advanced Blast Protection, drawn on Regions Bank. |
| 22 | 09/17/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing Account Application with other related documents for John P. Scott, account last four numbers 9125. |
| 23 | 09/30/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing Account Application with other related documents for Stephen Hanks and Check No. 10494 with the payor being Mr. or Mrs. Stephen Hanks and the payee being John M. Quaranta PA escrow account in the amount of $50,000 for Advanced Blast Protection, drawn on Rayne State Bank. |

| Count | Date | Carrier | Description |
|---|---|---|---|
| 24 | 10/06/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing a Margin Agreement for John P. Scott. |
| 25 | 10/07/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing Account Application with other related documents for Stephen Hanks, account number last four numbers 9188. |
| 26 | 12/04/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing Account Application with other related documents pertaining to Charlene D. Gossen, account last four numbers 7417. |
| 27 | 12/19/08 | DHL | A DHL mailing from Bowman Investment Group to Brookstone Securities containing Account Application and opening documents pertaining to Jeff Gossen and Charlene D. Gossen JTTEN, account last four numbers 7436. |

All in violation of Title 18, United States Code, Section 1341 and 2. [18 U.S.C. §§ 1341 and 2].

## COUNT 28

### Criminal Forfeiture
**[18 U.S.C. §§ 981(a)(1)(E) and 982; 28 U.S.C. § 2461(c)]**

1. The allegations of Counts 5-29 of this Indictment are hereby re-alleged and incorporated as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(E), 982, and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343 and 1341 as set forth in Counts 5-27 of this Indictment, the defendant, RICHARD J. BUSWELL, d/b/a BOWMAN INVESTMENT GROUP, L.L.C., shall forfeit to

the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(E), 982, and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to:

 (a) The one million, seven hundred eleven thousand, eight hundred fifty-two dollars and twenty-six cents ($1,711,852.26) involved in the offenses described in Counts 5-27 of this Indictment and all interests and proceeds traceable thereto.

3. If any of the property described above, as a result of any act or admission of the defendant:

 (a) Cannot be located upon the exercise of due diligence;

 (b) Has been transferred to or sold to, or deposited with, a third party;

 (c) Has been placed beyond the jurisdiction of the Court;

 (d) Has been substantially diminished in value; or,

 (e) Has been co-mingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 981(a)(1)(E), 982, and Title 28, United States Code, Section 2461(c). [18 U.S.C. §§ 981(a)(1)(E) and 982; 28 U.S.C. § 2461(c)].

A TRUE BILL:

**REDACTED**

STEPHANIE A. FINLEY
United States Attorney

By: _____
KELLY P. UEBINGER  (Bar No. 21028)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618