UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 11-cr-00198 |
| VERSUS | JUDGE HAIK |
| RICHARD J. BUSWELL-01 | MAGISTRATE JUDGE HANNA |

### ORDER OF REVOCATION AND DETENTION

On December 15, 2011, this Court received evidence[1] and argument from the parties on the Petition for Revocation of Pre-Trial Release in a hearing under 18 U.S.C. §3148. At the conclusion of the hearing, in addition to what was recited on the record, the Court makes the following factual findings:

a. On August 10, 2011, Richard J. Buswell was indicted on charges of conspiracy to defraud the United States, to commit Securities fraud, investment advisor fraud, wire fraud and mail fraud;

b. The defendant was arraigned on October 14, 2011, on which date he was released pending trial pursuant to an Order Setting Conditions of Release, which was acknowledged and signed by the defendant [Doc. 13];

c. Included in the conditions of release are the requirements that the defendant not violate any federal, state, or local law, and avoid all contact, directly or indirectly,

---

[1] During the revocation hearing, in addition to witness testimony and documentary evidence submitted by the parties, the parties adopted and re-submitted all testimony and evidence adduced in the detention hearing which took place on December 12, 2011.

with any person who is or may become a victim or potential witness in the investigation. That specifically was to include any of the people who were investors in the matter that is the subject of the indictment.

d. At the time of his arraignment, the defendant managed a Curious Goods store in Lafayette. According to the pre-trial services report, he oversaw all of the Curious Goods stores, his mother owned the majority interest in the Lafayette store and his brother owned one of the stores in New Iberia. On October 24, 2011, undercover officers purchased 4 packages of Mr. Miyagi "Timeout", from various locations of Curious Goods, at least one of which was managed by the defendant. The samples were shown by laboratory analysis to contain naphthoylindoles, a synthetic cannabinoid that is listed as a Schedule I controlled substance prohibited under La. R.S. 40: 964.

e. On December 8, 2011, search warrants were executed at various locations and as much as 80,000 grams of Mr. Miyagi were seized from Curious Goods locations and/or its distributor. Signs within the Curious Goods stores indicated the employees were not to discuss the products sold or methods of urine cleansing with the customers.

f. The defendant was arrested pursuant to warrant and charged with two counts of manufacturing/distributing controlled dangerous substances.

3

g. On October 19, 2011, less than a week after his arraignment, the defendant had a chance encounter at Couchon Restaurant with two material witnesses for the prosecution in the instant case, who are alleged victims of the fraud set forth in the indictment.

h. On October 20, 2011, the defendant filed a police report in which he stated that the two victims were intoxicated, yelled and cursed at him, and that at least one of them had battered him and had to be physically restrained.  Video surveillance and the testimony of the staff at Couchon's Restaurant conclusively disproves these allegations.

i. On November 2, 2011, a civil suit was filed against the victims, containing similarly false allegations.  The suit was brought to the attention of this Court, and despite the Court's strong reaction upon receipt of that notice to counsel for the defendant and the Assistant U.S. Attorney, it was not dismissed, but proceeded forward through the date of the revocation hearing requiring the victims to retain counsel to defend them against the false allegations at significant financial expense and emotional distress.

j. On December 9, 2011, after his arrest pursuant to the petition of revocation, the defendant was given additional conditions of release, to include home incarceration with his mother, who was designated a third party custodian.

4

Between December 9 and the time of the revocation hearing on December 15, with his mother's knowledge, the defendant was visited by three owners or managers or employees of other Curious Goods stores, which had been closed as a result of the search warrants executed on December 8, 2011.[2]

Based upon the Court's findings of fact, pursuant to 18 U.S.C. 3148(b), the Court concludes there is probable cause to believe the defendant violated two state laws - the distribution and manufacture of a controlled dangerous substance in violation of La.R.S. 40:964 and filing a false public record in violation of La. R.S. 14:133. The Court also concludes that there is clear and convincing evidence the defendant violated Condition 'J' of the conditions of his prior release when the civil lawsuit containing false allegations was filed against the two victims and material witnesses for the prosecution. Based upon the rebuttable presumption arising from the finding that there is probable cause to believe the defendant violated a state law, which the defendant has not rebutted, this Court concludes that there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the

---

[2] A review of the transcript reveals the defendant correctly pointed out to the Court that Mr. Boyd Barrow, a principal for the distributor of Curious Goods, was not one of the visitors. The Court acknowledges the error, but it is not dispositive of the Court's ruling.

5

community. The Court also concludes the defendant is not likely to abide by any condition or combination of conditions of release.

For these reasons,

**IT IS ORDERED** that Richard J. Buswell pre-trial release be REVOKED and that he be detained and remanded to the custody of the United States Marshal until time of trial.

Signed at Lafayette, Louisiana this 15th day of December 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)